ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 15 PM 2: 24

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DERRICK DELMAR CLARKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-086 |
| | ) | |
| MICHAEL V. PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contesting the legality of his sentence. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED**.

**I. BACKGROUND**

In 2001, Petitioner was charged with two substantive drug counts and a conspiracy count in a superseding indictment returned by a grand jury in the Northern District of West Virginia.[1] Petitioner eventually appeared before the Honorable W. Craig Broadwater, United States District Judge, and pleaded guilty to count two of the indictment, possession with intent to distribute 8.90 grams of cocaine base. According to Petitioner, as part of his plea

---

[1] The background is taken from Petitioner's presentation of the facts and descriptions of events in his criminal proceedings. (Doc. no. 1).

agreement, he waived his right to a direct appeal and to pursue collateral relief pursuant to 28 U.S.C. § 2255.

Under the 2001 version of the Sentencing Guidelines ("Guidelines"), the version to which the parties agreed would govern Petitioner's sentence, the initial range of Petitioner's sentence called for 57-71 months of imprisonment. However, Petitioner claims that his Guidelines range was increased to 70-87 months based on the Probation Office's and Judge Broadwater's additional findings of fact concerning obstruction of justice, findings made by a preponderance of the evidence rather than beyond a reasonable doubt. Thus, Petitioner contends that under Blakely v. Washington, -U.S.-, 124 S. Ct. 2531 (2004) and Booker v. United States, -U.S.-, 125 S. Ct. 738 (2005), his sentence is unconstitutional.[2]

Petitioner filed a § 2255 motion in the Northern District of West Virginia in March of 2003, and relief was denied in an order dated May 12, 2004. Clarke v. United States, No. 3:03-CV-00029 (N.D. W. Va. Mar. 31, 2003). The instant § 2241 petition followed.

---

[2] In Blakely, the Supreme Court revisited the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) to determine that a sentence enhanced under the State of Washington's sentencing guidelines based on facts found by the sentencing judge and not the jury violated the defendant's Sixth Amendment rights. 124 S. Ct. at 2538. In Booker, the Supreme Court explicitly ruled on the Federal Sentencing Guidelines. As the Eleventh Circuit succinctly summarized:

> In Booker, a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt."

Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (*per curiam*)(citations omitted).

Petitioner contends that he should be permitted to pursue collateral relief under § 2241 because § 2255 has proven to be inadequate or ineffective to test the legality of his detention.

## II. DISCUSSION

Generally, a § 2255 motion is the vehicle that must be used by a federal prisoner attempting to collaterally attack the validity of a federal conviction or sentence. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). In order for a petitioner to file a successive application for collateral relief under § 2255, the movant must file an application with the appropriate court of appeals "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Nevertheless, under certain, limited circumstances, a provision of § 2255 allows a federal prisoner to pursue habeas corpus relief under 28 U.S.C. § 2241. This provision is known as the "savings clause" and permits a federal prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality" of his detention. 28 U.S.C. § 2255. However, § 2241 may not be used to circumvent procedural barriers, including limitations on second or successive filings. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); see also Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (*per curiam*) ("restrictions on successive § 2255 motion, standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause"); Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001) (§ 2255 "not rendered 'inadequate and ineffective' merely because petitioner failed to raise an issue in his or her first motion and cannot meet the § 2255 procedural prerequisites to a second or successive motion").

In the Eleventh Circuit, there is a three-part test which governs whether the savings clause in § 2255 applies. In order for a petitioner to avail himself of the savings clause, thereby "opening a portal" to a § 2241 proceeding, he must satisfy all three of the following criteria:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244 & n.3. "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Id. at n.3.

Here, Petitioner candidly admits that he "cannot satisfy the gatekeeping provisions of § 2255 because the new rule [announced in Booker] is not one of constitutional law applicable on collateral review." (Doc. no. 1, p. 11). Petitioner makes this concession based on Eleventh Circuit case law, Varela, 400 F.3d at 868, even though his conviction was obtained in a district court located in the Fourth Circuit. Notably, Petitioner does not state that he even attempted to seek permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion to raise his current arguments prior to filing the instant petition.[3] Nevertheless, whether Petitioner has attempted to obtain relief in the form of

---

[3]Under § 2255, a petitioner "may move the court which imposed the sentence" for relief. 28 U.S.C. § 2255. Thus, a § 2255 motion filed by Petitioner would be properly entertained in the sentencing court in West Virginia, and a direction to that court to entertain a second or successive petition would come from the Fourth Circuit Court of Appeals.

4

permission to file a second or successive petition from the Fourth Circuit, it is clear that he is not entitled to proceed in the Eleventh Circuit with a § 2241 petition.[4]

As set forth above, a petitioner must satisfy all three prongs of the Wofford test before the savings clause of § 2255 can "open the portal" to § 2241 relief. However, Petitioner cannot satisfy even the first prong of the Wofford test - identifying a retroactively applicable Supreme Court decision. Wofford, 177 F.3d at 1244. That is, regardless of Petitioner's interpretation of the constitutional import of the Booker, the Eleventh Circuit Court of Appeals has conclusively ruled that Booker did not announce a new constitutional rule of criminal procedure that should apply retroactively on collateral review. "Absent a retroactively applicable Supreme Court decision, the savings clause of § 2255 provides no portal to § 2241 relief." Gonzalez v. United States, No. 04-10107, slip op. at 4 (11th Cir. Mar. 2, 2005). As Petitioner cannot satisfy the three-pronged Wofford test, his claims of "actual innocence" are not properly before the Court. Id. at n.1.

In sum, Petitioner has not shown that the available remedy under § 2255 is "inadequate or ineffective to test the legality" of his detention. Petitioner has not stated that he availed himself of the opportunity for seeking permission from the Fourth Circuit Court of Appeals for permission to file a second or successive § 2255 motion.[5] Moreover,

---

[4] A § 2241 petition is properly filed in the district where the petitioner is incarcerated. United States v. Plain, 748 F.2d 620, 621 n.3 (11th Cir. 1984).

[5] The Court also notes that as part of his plea agreement, Petitioner apparently agreed not to pursue relief pursuant to 28 U.S.C. § 2255. (Doc. no. 1, p. 3). Thus, Petitioner's attempt to utilize § 2241 could be viewed as an effort to circumvent the parameters of his plea agreement. In any event, as discussed above, a procedural barrier to utilizing § 2255 does not show that it is "inadequate or ineffective" to test the legality of Petitioner's sentence.

5

Petitioner has not satisfied the three-pronged Wofford test for utilizing the savings clause of § 2255. Therefore, his petition should be dismissed.[6]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 10th day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] As Petitioner has not shown that he has availed himself of all possible avenues for relief under § 2255, let alone shown that § 2255 is "inadequate or ineffective to test the legality" of his detention, the Court need not reach his broader argument concerning the constitutionality of § 2255. Stated otherwise, because the Court can decide that Petitioner's § 2241 petition should be dismissed without making a "constitutional pronouncement," it need not reach Petitioner's "Requested Relief" of an assessment of the constitutionality of § 2255. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 124 S. Ct. 2301, 2308 (2004); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision.").

6

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Derrick Delmar Clarke, Pro-se

CASE NO: CV305-086

DATE SERVED: 6/16/05

SERVED BY: Cindy Reynolds CR

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate